UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2023 DEC -6  P 4:49

TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**MARK KNOX**
**Plaintiff**

v.                                    Civil Action No: 2:23cv704-MHT-JTA

**JACKSON HOSPITAL**
**and CLINIC, INC.**
**and**
**MEDTRONIC PLC, AMERICAN**
**MEDICAL**
**DEVICE COMPANY**
**Defendants.**

## COMPLAINT

1. **GROUDS FOR JURISDICTION-** 28 U.S. Code § 1332 - diversity of citizenship; amount in controversy; costs (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; Medtronic

plc is a foreign entity that interacted with Mr. Knox via Karen O'Neal which was Medtronic's clinical manager at Jackson Clinic.

In addition, the Alabama Supreme Court has held that fraud claims arising from alleged medical malpractice are subject to the four-year statute of limitations found in §6-5-482. Benefield v F. Hood Craddock Clinic, 456 So. 2d 52 (Ala. 1984); Bowlin Horn v. Citizen's Hospital, 425 So. 2d 1065 (Al. 1982); see also Trammer v. Bernstein, 596 So. 2d 572 (Ala. 1991). The general statute of limitations for civil penalty actions in 28 U.S.C. Section 2462 states that an action must be commenced within five years from the date when claim first accrued.

2. Plaintiff: Mark Knox, 5132 Rush Drive Montgomery, Alabama 36108

3. Defendant: Jackson Hospital and Clinic, Inc., 1725 Pine Street, Montgomery, Al. 36106

4. Defendant: Medtronic plc, an American Device Company, 20 Hatch Street Lower, Saint Kevin's, Dublin, D02 XH02, Ireland

5. The above defendants in the action stated above maliciously, wantonly and negligently set Plaintiff Mr. Knox's pump subsequent Mr. Knox's fall from an unlocked gurney. The defendants' actions resulted in harm to Mr. Knox's kidneys and eye sight. The defendants actions also increased the severeness of Mr. Knox's injuries, such as Mr. Knox's head trauma and eyesight prolonging Mr. Knox's recovery and causing

Mr. Knox to be continuously in a state of confusion, mental anguish and increased anxiety. The defendants defrauded Mr. Knox by using Mr. Knox's insulin pump to harm and or limit mr. Knox while Making verbal and written misrepresentations to Mr. Knox and in Mr. Knox's medical record. Mr. Knox is suffering from heightened anxiety, eye blackouts and healing deficiencies as a result of defendants' actions. The defendants fraudulently concealed their actions. Alabama has a Four year statute for medical malpractice fraud and fraudulent concealment.

Plaintiff avers on or about the 11th day of December, 2019 Plaintiff discovered that Dr. Basil Burney of Jackson and Clinic, Inc. Endocrinology were intentionally setting Plaintiff's 670G insulin pump to run high. Plaintiff avers that a lot have been redacted from Dr. Burney's records: such as the appointments with Ms Mims has been redacted out of the record. Plaintiff avers that the data logs dated 11-10-2019 to 11-25-2019 and 12-01-2019 to 12-16-2019 is proof that Plaintiff's 670G insulin pump was set to fail and that the wanton malicious fraudulent concealment was going on for a period of time before Plaintiff's discovery.

Plaintiff avers that in treating the Plaintiff the Defendants failed to provide Plaintiff with the professional medical services, care and treatment that a physician and other medical person within the medical community possessing and exercising

ordinary and reasonable medical knowledge and skills would have provided in that on or about the tenth day of December, 2019 Plaintiff avers Plaintiff went to Baptist South emergency room to get treated for high blood sugar. Plaintiff avers that Plaintiff was administered insulin intravenously for hours. The emergency room physicians had a very difficult time getting Plaintiff's blood sugar down below 500 which was supposed to be controlled by Plaintiff's insulin pump prescribed by Dr. Basil Burney, MD. Plaintiff avers that Plaintiff was at the Baptist emergency room until the morning of the eleventh day of December twenty nineteen. Plaintiff avers that Plaintiff called Dr. Burney on the tenth of December twenty nineteen explaining to Dr. Burney that Plaintiff's insulin pump wasn't working properly. Plaintiff avers that Dr Burney gave Plaintiff an appointment for the eleventh day of December, twenty nineteen which was the following day. Plaintiff avers that By that night Plaintiff's blood sugars were well over 500. Plaintiff avers that Plaintiff went to Baptist Emergency room to seek help. Plaintiff avers that the Baptist emergency room physician had to administer Plaintiff's insulin intravenously for several hours just to bring Plaintiff's blood sugar below 500. Plaintiff avers that the Baptist emergency room physician demanded that Plaintiff go straight to Plaintiff's Endocrinologist, Dr. Basil Burney, and "make" Dr. Basil Burney reset Plaintiff's insulin pump or Plaintiff is going to have a stroke, heart attack and or aneurysm that day. Plaintiff avers that the Baptist emergency room physician explained how it would be illegal for an emergency

room physician to reset Plaintiff's insulin pump. Plaintiff avers that Plaintiff was told only the doctor that prescribed the pump could set it or someone authorized by Medtronic. Plaintiff avers that Plaintiff went to Dr. Burney, MD's office and informed Dr. Burney of what the Baptist South emergency room doctor had said and what he ordered Plaintiff to do. Plaintiff avers that Plaintiff asked Dr. Basil Burney several times to reset Plaintiff's pump and revealed to Dr. Burney the discharge papers from Baptist South emergency room. Plaintiff avers that Dr. Burney still refused to reset Plaintiff's pump. Plaintiff avers that Plaintiff got louder and louder and security was called. Plaintiff avers that security came in to the room. Plaintiff avers that Dr. Burney has made several false statements about that day, the eleventh day of December twenty nineteen and did not reset Plaintiff's 670G insulin pump. Plaintiff avers that Plaintiff had been complaining constantly about Plaintiff's high blood sugars. Plaintiff avers that Plaintiff did not know that it was a wanton and malicious negligent act on the part of Dr. Basil Burney until the morning of the eleventh of December twenty nineteen. Plaintiff avers that Plaintiff began to administer insulin via a Novolog Insulin pen on the morning of the eleventh day of December twenty nineteen after leaving Dr. Burney's office. Plaintiff avers that Plaintiff called Medtronic on the following day the twelfth day of December twenty nineteen and Medtronic gave Plaintiff permission and instructions to reset Plaintiff's insulin pump over the phone.

Plaintiff avers that Plaintiff had been complaining about the high sugars for a while but on the previous instances Plaintiff called and Dr. Burney would not see Plaintiff but sent Plaintiff to see Angela Mims instead. Plaintiff avers that Mrs. Mims tried to make Plaintiff feel incompetent by saying Plaintiff was overshooting Plaintiff's low sugars with glucose tablets. Plaintiff avers that when Plaintiff started on the pump Plaintiff's blood sugars were good. Plaintiff avers that Plaintiff was commended by Dr. Burney. Plaintiff avers that at the time all of this was happening Plaintiff was in a medical malpractice legal preceding with Jackson Hospital and Clinic, Inc., Case# 03-CV-2018-900582. Plaintiff avers that Plaintiff have recently discovered after reviewing Plaintiff's records from Dr. Burney that Dr. Burney and Jackson Hospital and clinic endocrinology have been fraudulently concealing Plaintiff verbally and in Plaintiff's records. Plaintiff avers that the records appear to be downgrading Plaintiff's diabetic therapy readings. Plaintiff avers that Dr. Burney's records constantly states Plaintiff's diabetes were severe and out of control. Plaintiff avers that Plaintiff had no known knowledge of this. Plaintiff avers that Dr. Burney gave Plaintiff a letter stating Plaintiff's diabetes was well controlled.

Plaintiff avers that Defendant's failure to provide Plaintiff with the professional medical services, care and treatment that a physician within the medical community possessing and exercising ordinary and reasonable knowledge and

skills would have provided was malicious wanton negligence. Dr. Burney and Karen O'Neal constantly set Plaintiff's pump below O.8 units intentionally which prevents the pump's operation and the patient's insulin is cut off which constantly kept Plaintiff in a fatal state for months. Plaintiff had to constantly check his glucose and used an insulin pen because Plaintiff's insulin pump was intentionally set to fail by Dr. Burney of Jackson Hospital and Clinic, Incorporated and Karen O'Neal Medtronic's Clinical Territorial manager responsible for pump therapy.

As a proximate result of the Defendant's said negligence and wantonness, Plaintiff was caused to suffer the following injuries and damages:

Defendants claim security stated that Plaintiff smelled of marijuana yet Plaintiff does not smoke marijuana and Plaintiff had just left Baptist South emergency room. There was no time to purchase and smoke marijuana. This statement and several other statements has defamed Plaintiff's character. Security said nothing of this matter to Plaintiff. Dr. Burney also said that he tried to reason with Plaintiff which is more defamation. Dr. Burney refused to reset insulin pump and had a sour disposition against Plaintiff. OIO0

Sleep deprivation, mental anguish and blackouts.

Plaintiff avers that Plaintiff's ability to heal-Plaintiff has had an injury since February 11, 2020 that will not heel and continued to get worse.

Plaintiff avers that Plaintiff has not been able to regain his sight. The high sugars has caused some diabetic retinopathy to start in Plaintiff's eyes.

Plaintiff avers that Plaintiff has become susceptible to infection.

Plaintiff claims punitive damages of the Defendant's for malicious wanton medical negligence and fraudulent concealment acts by Defendants' conduct.

Dr. Burney states that he intentionally set Mr. Knox's pump to .6 units and below which is below specs of pump guide which stoped the insulin being received by Plaintiff Mr. Knox. Anything below .8units is illegal and unethical. Medtronic's clinical manager Karen O'Neal was advising Dr. Burney and was responsible for the plaintiff's pump therapy.

Wherefore, Plaintiff demands judgement against Defendant for a just and adequate amount of damages: defamation of character, fraud and attempted murder, pain and suffering, mental anguish, compensatory, loss of use plus cost. ($10,000, 000).

May GOD have mercy on us all.

_Mark Knox_
Mark Knox, PROSE
November 27, 2023
5132 Rush Dr.
Montgomery, AL. 36108
334-315-1525